**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6221**

MICHAEL ANTRANTRINO LEE,

Petitioner - Appellant,

v.

CHRISTOPHER GOMEZ,

Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:19-cv-00175-JPB-JPM)

Submitted:  August 25, 2020                    Decided:  August 27, 2020

Before KING and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

Michael Antrantrino Lee, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Antrantrino Lee, a federal prisoner, appeals the district court's order dismissing his 28 U.S.C. § 2241 petition in which he sought to challenge his sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Lee v. Gomez*, No. 5:19-cv-00175-JPB-JPM (N.D.W. Va. Jan. 29, 2020). However, we modify the district court's order to clarify that its dismissal of Lee's petition is without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013). Furthermore, we deny Lee's motions for the appointment of counsel and deny as moot his motion for injunctive relief pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*